UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:14CV246 RLW |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Ricky Morgan for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition is fully briefed and ready for disposition.

### I. Procedural History

On March 29, 2011, a jury found Petitioner Ricky Morgan guilty of attempt to commit the offense of stealing anhydrous ammonia. (Resp't's Ex. D pp. 73, 84) The Circuit Court of Marion County, Missouri sentenced him to 20 years' incarceration. (*Id.* at 84) Petitioner appealed the judgment, and on April 10, 2012 the Missouri Court of Appeals affirmed the judgment of conviction. (Resp't's Ex. H) Petitioner then filed a Motion to Vacate, Set Aside, or Correct Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15. (Resp't's Ex. J pp. 1-80) After an evidentiary hearing on the motion, the motion court denied Petitioner's motion for post-conviction relief. (Resp't's Ex. J pp. 139-46) On December 24, 2013, the Missouri Court of Appeals affirmed the judgment of the motion court. (Resp't's Ex. N) On February 12, 2014, Petitioner filed the present petition for habeas relief in federal court. Petitioner is currently serving out his sentence at the Jefferson City Correctional Center ("JCCC") located in Jefferson City, Missouri.

## II. Factual Background[1]

On December 11, 2010 at approximately 1:00 AM, deputies from the Marion County Sheriff's Office were on patrol in Hannibal, Missouri. Deputy Dennis McAfee ("McAfee") parked his patrol car on the side of a rural county road near two construction sites. Thefts of anhydrous ammonia frequently occurred on one of the construction properties. McAfee observed a car driving in the area and contacted Deputy Eric Dudley ("Dudley") and reported the vehicle. Dudley then drove to the area where the vehicle was spotted. McAfee reported that the vehicle had stopped near anhydrous tanks, and Dudley advised that he planned to stop the vehicle and investigate. As Dudley approached the vehicle parked in front of the anhydrous ammonia tanks, the vehicle sped off. Dudley pursued the vehicle and activated his lights and siren. McAfee also pursued the vehicle, which eventually pulled over. As McAfee exited his patrol car, he smelled the odor of ether, which became stronger as he approached the vehicle. When Petitioner Ricky Morgan exited the vehicle, both Dudley and McAfee detected the smell of ether on Petitioner's person. Ether is a product that is used to produce methamphetamine. Petitioner denied smelling like ether and explained to Dudley that he and his passengers stopped to look at deer in the field near the anhydrous ammonia tanks.

Dudley then asked Petitioner if he had anything illegal in the vehicle. Petitioner answered "no" and gave Dudley permission to search the vehicle. When the passengers exited the vehicle, Dudley noticed a fire extinguisher in plain view behind the driver's seat. Dudley knew that the extinguisher could be used to steal and store anhydrous ammonia. When Dudley asked Petitioner about the extinguisher, he denied any knowledge and commented that, if the

---

[1] The Court sets forth the facts as stated in the Missouri Court of Appeals' opinion in *State v. Morgan*, 366 S.W.3d 565 (Mo. Ct. App. 2012).

extinguisher was to be used to carry anhydrous ammonia, "wouldn't I need an inner tube?" Upon search of the car, Dudley seized the extinguisher, a syringe, and a syringe top. One of the passengers admitted that the syringe belonged to him and that he had used it to ingest methamphetamine. Petitioner also admitted to using narcotics a couple hours earlier.

Search of the trunk revealed the odor of ether and a plastic bag containing a HCL generator, which was used to manufacture methamphetamine. The generator contained a salt-like substance, and salt was used in an HCL generator during the production of methamphetamine. The trunk also contained bolt cutters, a flashlight, a pair of black gloves, a plastic jug, and a hammer. Dudley then arrested Petitioner and advised him of his *Miranda* rights. After McAfee delivered Petitioner to the jail, McAfee returned to the scene and searched the area. McAfee found a five-gallon bucket with a bicycle inner tube inside and a large cooler. The State charged Petitioner as a prior and persistent offender, with attempt to commit the offense of stealing anhydrous ammonia.

### III. Petitioner's Claims

In his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, Petitioner raises three claims for federal habeas relief. First, Petitioner alleges that post-conviction counsel failed to include in the post-conviction motion the claim that trial counsel was ineffective for failing to object to the admission of text messages on hearsay grounds. Next, Petitioner alleges that post-conviction counsel failed to include in the post-conviction motion the claim that trial counsel was ineffective for failing to move to exclude any reference by the arresting deputy to Petitioner's past known drug use or contacts with the police department. Finally, Petitioner asserts that post-conviction counsel failed to include in the post-conviction motion the claim that trial counsel was

ineffective for failing to move to suppress Petitioner's pre-*Miranda* statement that he would have brought a hose if he intended to steal anhydrous ammonia. The Court notes that each ground appears to raise an ineffective assistance of post-conviction counsel claim, as well as an underlying claim for ineffective assistance of trial counsel.

## IV. Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. *Owens v. Dormire*, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). *See also Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions

4

but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *see also Bucklew v. Luebbers* 436 F.3d 1010, 1016 (8th Cir. 2006); *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Williams*, 529 U.S. at 411.

To preserve a claim for federal habeas review, a petitioner must present the claim to the state court and allow that court the opportunity to address petitioner's claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citation omitted). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* A federal court will consider a defaulted habeas claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.*

## V. Discussion

### A. Failure to object to text message evidence on hearsay grounds

The Court notes that Petitioner has been represented by counsel in this matter. Petitioner first contends that post-conviction counsel failed to include in the post-conviction motion the claim that trial counsel was ineffective for failing to object to the admission of text messages on hearsay grounds. Petitioner additionally asserts the underlying ineffective assistance of trial counsel claim. While trial counsel objected to the admission of Dudley's testimony regarding the texts for lack of foundation, the court did not instruct the jury to disregard the content of the messages until after the jury heard Dudley's testimony. The two text messages read as follows: 1) ". . . Dude, after I see you, I'm going to go get five gallons. I haven't been spun in five

5

weeks"; and 2) "You want me to juice tonight?" Dudley testified that that the term "spun" referred to getting high, and "juice" referred to stealing anhydrous ammonia. (Resp't's Ex. B pp. 313-14) Petitioner argues that trial counsel should have moved to exclude or objected to the text messages on hearsay grounds and that failure to do so constitutes ineffective assistance of counsel.

In his post-conviction motion, Petitioner acting *pro se* alleged that trial counsel was ineffective for failing to object to the lateness in the trial court sustaining counsel's objection to the text messages on foundational grounds. (Resp't's Ex. J p. 6) Petitioner was appointed post-conviction counsel, and his attorney filed a Statement in Lieu of Filing an Amended Motion, indicating that all claims known to Petitioner were presented in the *pro se* motion. (Resp't's Ex. J pp. 137-38) The motion court determined that "[Petitioner] was not prejudiced by failing to object to the 'lateness of the court's ruling' regarding the foundation objection to text messages." (Resp't's Ex. J p. 144) Instead, the court noted that the Missouri Court of Appeals concluded that the trial court had granted all relief requested, instructed the jury to disregard the evidence, and "'we presume the jurors follow the court's instructions.' 366 S.W.3d at 583-584." (Resp't's Ex. J. p. 144)

Missouri law requires that a habeas petitioner bring a claim of ineffective assistance of counsel in a motion for post-conviction relief under Rule 29.15. *Moore-El*, 446 F.3d at 896. Further, Rule 29.15 requires the petitioner to declare he listed all claims for relief known and to acknowledge that any claims not listed in the motion are waived. *Id.* Here, Petitioner does not dispute that he failed to raise the claim of ineffective assistance of trial counsel for failing to move to exclude or otherwise object to the cell phone evidence on hearsay grounds. Thus, this claim is procedurally defaulted. However, Petitioner appears to argue that he can show cause for

6

this failure because post-conviction counsel was ineffective for failing to raise the claim in the Rule 29.15 motion.

In *Martinez v. Ryan*, the United States Supreme Court held, "[i]nadequate assistance of counsel at an initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." 132 S. Ct. 1309, 1315 (2012). When, as in Missouri,

> a State requires a prisoner to raise an ineffective-assistance- of-trial-counsel claim in a collateral proceeding, an prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

*Id.* at 1318. In addition, to overcome the procedural default, "a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.*

Here, to overcome Petitioner's procedural default, Petitioner must establish that his court-appointed counsel on collateral review was ineffective under *Strickland* and that the ineffective assistance of trial counsel claim is meritorious. The Court finds that Petitioner is unable to demonstrate cause sufficient to overcome the default. To establish ineffective assistance of counsel, Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional

7

judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689).

Here, Petitioner has failed to demonstrate that post-conviction counsel's failure to raise an ineffective assistance of trial counsel claim for failure to object to the text messages on hearsay grounds was unreasonable. Petitioner baldly contends that post-conviction counsel was negligent in accepting Petitioner's *pro se* motion "*as is*" and failing to include in the Rule 29.15 motion the "patently obvious failing of trial counsel to move to exclude any and all evidence of the substantive nature of the text messages received on Petitioner's phone . . . ." (Pet. ¶ 14, ECF No. 1) These conclusory allegations fail to demonstrate deficient performance on the part of post-conviction counsel.

In his *pro se* post-conviction motion, Petitioner did assert that trial counsel was ineffective for failing to object to the belated instruction during the trial, admonishing the jury to disregard the text message evidence. However, he did not raise the argument that trial counsel was ineffective for failing to move to exclude or object to the text message evidence on the grounds of hearsay. While Petitioner argues that post-conviction counsel should have also included the hearsay argument in the Rule 29.15 motion, counsel did present all of the claims Petitioner initially raised, and Petitioner was granted an evidentiary hearing. (Resp't's Ex. J pp. 4-9, 137-46; Resp't's Ex. I) Petitioner appears to argue that merely because post-conviction counsel did not raise every conceivable claim, counsel was ineffective. However, "[i]f, as with appellate counsel, 'one of [post-conviction] counsel's important duties is to focus on those arguments that are more likely to succeed, [then] counsel will not be held to be ineffective for failure to raise every conceivable issue.'" *Sutton v. Wallace*, No. 4:13-CV-1285, 2016 WL 4720452, at *10 (E.D. Mo. Sept. 9, 2016) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th

8

Cir. 2006)). Only where stronger issues are ignored is a petitioner able to overcome the presumption of effective assistance of counsel. *Id.* (citations and quotations omitted). Petitioner has not argued that ineffective assistance of trial counsel for failure to object to the text messages on hearsay grounds claim is stronger than any of the numerous ineffective assistance of trial counsel claims raised in the post-conviction motion, merely that he was negligent in failing to include that claim.

The Court finds that post-conviction counsel exercised reasonable professional judgment such that counsel's performance was not constitutionally deficient. Because Petitioner is unable to demonstrate that post-conviction counsel was ineffective, he cannot show cause sufficient to excuse the procedural default, and the Court need not address the merits of Petitioner's defaulted ineffective assistance of trial counsel claim. *Bonds v. Steele*, No. 4:15-cv-00136-JCH, 2016 WL 4177273, at *3 (E.D. Mo. Aug. 8, 2016). Petitioner's first habeas claim is therefore denied.

### B. Failure to object or move to strike testimony regarding past drug use

Next, Petitioner claims that post-conviction counsel failed to include in the post-conviction motion the claim that trial counsel was ineffective for failing to move to exclude any reference by the arresting deputy to Petitioner's past known drug use or drug contacts with the police department. Petitioner also asserts the underlying ineffective assistance of trial counsel argument.

The record shows that Petitioner did raise a claim for ineffective assistance of trial counsel for failing to timely object to Dudley's statement about Petitioner's past. (Resp't's Ex. J p. 5) Thus, ineffective assistance of post-conviction counsel to show cause under *Martinez* is not implicated, as Petitioner has not procedurally defaulted on his ineffective assistance of trial counsel claim. The motion court first set forth *Strickland* as authority for addressing ineffective

9

assistance of counsel claims and then determined that Petitioner was not prejudiced by the failure to object. The motion court further noted that the Missouri Court of Appeals addressed the issue on direct appeal.[2] (Resp't's Ex. J pp. 142-44)

In *Morgan*, 366 S.W.3d at 580, the appellate counsel argued that the trial court abused its discretion in denying a mistrial based on Dudley's testimony that he knew about Petitioner's past. The Missouri Court of Appeals noted that during direct examination, Dudley "related that he had asked defendant if he had recently used narcotics, to which defendant responded that he had, a couple of hours earlier." *Id.* However, on cross-examination, Dudley stated "that he had not observed any signs of intoxication" and that Dudley did not recall whether he asked about the specific drug type "because I know his past so I could have asked him if it was methamphetamine or not, I don't recall." *Id.* Appellate counsel argued that the answer was non-responsive and was intended to inform the jury of Petitioner's past methamphetamine use or convictions and ran afoul the rule prohibiting evidence of uncharged crimes. *Id.*

The *Morgan* court found that Petitioner's "belated request for a mistrial was untimely and did not preserve his claim of trial-court [evidentiary] error for our review." *Id.* at 581. The Missouri Court of Appeals then conducted plain-error review and found that Petitioner could neither demonstrate the requisite manifest injustice required for plain-error relief nor prejudice. *Id.* at 582. The *Morgan* court reasoned:

---

[2] The Court also notes that trial counsel raised several motions in limine pertaining the evidence of other crimes. Counsel requested that the State be precluded from referring to any other criminal activity or charges in the opening statement; that the State be precluded from eliciting or introducing evidence on reputation in the community or prior convictions; that the court preclude any evidence of other crimes or prior convictions; and that the court preclude the State from making any reverence of other bad acts, specifically items found in the car at the time of arrest. (Resp't's Ex. D pp. 27-45) Other than the evidence of items found in the car, the trail court granted Petitioner's motions. (Resp't's Ex. D p. 46)

10

> The complained-of comment was not caused or elicited by the prosecutor. Rather, it came in response to defense counsel's question on cross-examination. The comment was singular and isolated. In fact, defense counsel himself, in explaining why he belatedly objected, stated that he "didn't catch it" until he reviewed the transcript. If defense counsel did not "catch" the response to his own question, how can we conclude that the jury did? The prosecutor did not emphasize or magnify the statement. The trial court instructed the jury to disregard the statement with an admonition that was crafted by all parties, including defense counsel. Any prejudicial effect can be removed by striking the testimony and instructing the jurors to disregard it. *Foster,* 348 S.W.3d at 163. And, absent a showing to the contrary, we presume the jurors followed the court's instruction. *State v. Stone,* 280 S.W.3d 111, 117 (Mo.App. E.D.2009); *State v. Barton,* 240 S.W.3d 693, 703 (Mo. banc 2007); *State v. Brasher,* 867 S.W.2d 565, 569 (Mo.App. W.D.1993). Lastly, we cannot say that the response played a decisive role in the determination of guilt. The jury already knew that defendant had used drugs earlier that evening; the defendant's actions that night were indicative of a consciousness of guilt; and the defendant possessed equipment for stealing anhydrous ammonia.

*Id.* at 582. Thus, the Missouri Court of Appeals determined that "the trial court did not plainly err in overruling defendant's belated request for a mistrial." *Id.*

Here, Petitioner claims that trial counsel was ineffective for failing to challenge the evidence before trial and then failing to immediately object as the deputy testified. As previously stated, to establish ineffective assistance of counsel, Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The prejudice prong requires Petitioner to prove that but for counsel's deficiency, the outcome of his trial would have been different absent counsel's error. *Id.* at 694; *Bucklew,* 436 F.3d at 1016. In other words, Petitioner must demonstrate "that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." *Bucklew,* 436 F.3d at 1016 (citation omitted). Further, as stated above "[j]udicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of

reasonable professional judgment." *Id.* (citation omitted). Because a habeas petition claiming ineffective assistance of counsel involves mixed questions of law and fact, legal conclusions are reviewed de novo, and state court findings of fact are presumed to be correct under 28 U.S.C. 2254(d). *Sloan v. Delo*, 54 F.3d 1371, 1383 (8th Cir. 1995) (citation omitted).

Upon review of the record and the decision of the state courts, the Court finds that Petitioner is unable to demonstrate ineffective assistance of trial counsel with regard to Dudley's testimony regarding Petitioner's past drug use. The undersigned notes that the trial court granted several motions in limine related to Petitioner's prior bad acts and reputation in the community. Further, while Petitioner contends that trial counsel was ineffective for failing to challenge the evidence before trial or at time of Dudley's testimony, the Court agrees with the State courts that no prejudice occurred.

As previously stated, habeas relief may not be granted unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 68 (quoting 28 U.S.C. § 2254(d)(1)). "Therefore, we will not grant [petitioner's] habeas petition unless the state court's decision in this case was contrary to, or an unreasonable application of, the standard articulated by the Supreme Court in *Strickland*." *Id.*; *see also Bucklew*, 436 F.3d at 1016 (where state court correctly identifies *Strickland* as the controlling authority, federal courts "address whether the state court unreasonably applied that precedent and whether the state court unreasonably determined the facts in light of the evidence presented."). Here, Petitioner has failed to demonstrate that he was prejudiced during the trial. *Strickland*, 466 U.S. at 687.

As aptly stated by the Missouri Court of Appeals, the comment that Dudley knew

Petitioner's past and could have asked if he used methamphetamine on the night in question "was singular and isolated" and not prejudicial. *Morgan*, 366 S.W.3d at 582. In addition, because trial counsel did not notice the response to his question, it was likely that the jury did not notice the testimony either. *Id.* Finally, the *Morgan* court correctly noted that the trial court instructed the jury to disregard the statement, removing any prejudicial effect. *Id.* The Court thus finds that the decision of the Missouri Court of Appeals was supported by the factual record and involved a reasonable application of federal law. Courts "normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it" absent an "overwhelming probability" that the jury would not be able to follow said instruction and a strong likelihood that the effect would be "devastating" to the defendant. *Greer v. Miller*, 483 U.S. 756, 766, n.8 (1987) (citations and internal quotations omitted).

Given that the defense counsel did not "catch" the statement, and the prosecution did not later highlight such testimony, the Court finds no indication that the jury could not follow the instruction to disregard the statement or that the effect was devastating to Petitioner. Thus, the Court holds that Petitioner is unable to demonstrate the prejudice prong of *Strickland*, and the Court will dismiss the ineffective assistance of counsel claim for lack of merit. *See Bounds v. Delo*, 151 F.3d 1116, 1119 (8th Cir. 1998) ("Assuming that counsel should have objected to the now-challenged testimony, we are satisfied that there is no reasonable probability that the result of the trial would have been different had counsel successfully objected to the testimony. Thus, [petitioner] has failed to establish that he was prejudiced by counsel's alleged deficient performance."). Thus, the Court will deny Petitioner's second ground for habeas relief.

### C. Failure to move to suppress pre-*Miranda* statement regarding needing a hose

Finally, Petitioner contends that post-conviction counsel was ineffective for failing to

include in the Rule 29.15 motion the claim of ineffective assistance of counsel for failure to move to suppress Petitioner's pre-*Miranda* statement that he would need a hose if he were going to syphon anhydrous ammonia.[3] Petitioner acknowledges that post-conviction counsel failed to raise the ineffective assistance of trial counsel claim regarding Petitioner's statement about bringing a hose. Thus, Petitioner must show cause to overcome the procedural default by demonstrating that post-conviction counsel was ineffective for failing to raise this claim. *Martinez,* 132 S. Ct. at 1318.

The Court finds that Petitioner is unable to demonstrate the requisite deficient performance under *Strickland* to overcome the default and enable the Court to reach the merits of the underlying ineffective assistance of trial counsel claim. The record shows that, although not specifically raised in the post-conviction proceeding, the motion court did address a claim that trial counsel was ineffective for failing to properly object to the issue of a *Miranda* violation, noting that the trial court determined after a hearing on a motion to suppress that Petitioner was not in custody at the time he mentioned using drugs, and thus the statements were voluntary. (Resp't's Ex. J pp. 47-50, 144-45) The Missouri Court of Appeals declined to address the pre-*Miranda* issue based on defense counsel's failure to preserve the issue for appeal. *Morgan,* 366S.W.3d at 586.

Here, again, Petitioner does not address post-conviction counsel's alleged ineffectiveness under *Strickland* and baldly asserts that post-conviction counsel was ineffective for omitting the claim regarding the hose from the Rule 29.15 motion. As stated above, "counsel will not be held

---

[3] Deputy Dudley testified that during the search, Petitioner stated, "if that's what I was doing, wouldn't I need an inner tube?" (Resp't's Ex. B p. 303) On cross-examination, Dudley acknowledged that he wrote the word "hose" in his report but that he believed an inner tube and hose were the same thing. (Resp't's Ex. B pp. 335-37)

14

to be ineffective for failure to raise every conceivable issue.'" *Sutton v. Wallace*, No. 4:13-CV-1285, 2016 WL 4720452, at *10 (E.D. Mo. Sept. 9, 2016) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006)). Only where stronger issues are ignored is a petitioner able to overcome the presumption of effective assistance of counsel. *Id.* (citations and quotations omitted). Petitioner has not argued that ineffective assistance of trial counsel for failure to move to suppress Petitioner's pre-*Miranda* statement regarding the hose is stronger than any of the numerous ineffective assistance of trial counsel claims he raised in the post-conviction motion. Petitioner merely states that Petitioner's statement regarding the hose "was at least as incriminating" as his statement regarding drug use earlier that night, which statement the state courts found was voluntary.

The Court therefore finds that Petitioner has failed to demonstrate that post-conviction counsel's performance was constitutionally deficient. Because Petitioner is unable to establish that post-conviction counsel was ineffective, he cannot show cause sufficient to excuse the procedural default, and the Court need not address the merits of Petitioner's defaulted ineffective assistance of trial counsel claim. *Bonds v. Steele*, No. 4:15-cv-00136-JCH, 2016 WL 4177273, at *3 (E.D. Mo. Aug. 8, 2016). Therefore, Petitioner's third ground for habeas relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Withdraw as Counsel [ECF No. 18] is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel [ECF No. 19] is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that the Petition of Ricky Morgan for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED.**

**IT IS FURTHER ORDERED** that the Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accord with this Order is entered on this same date.

Dated this 9th day of January, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**